# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RODNEY JONES,**

      **Plaintiff,**

**v.**                                                                                       **Case No:   6:19-cv-2020-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Rodney Jones ("Claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying his application for disability benefits. (Doc. 1). The Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for an award of benefits or, alternatively, for further proceedings. (Doc. 25 at 24-28, 35-37, 39). The Commissioner argues that the Administrative Law Judge committed no legal error and that her decision is supported by substantial evidence and should be affirmed. (*Id*. at 28-35, 37-41). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.

### I.   Procedural History

This case stems from the Claimant's November 17, 2011 application for disability insurance benefits ("DIB"). (R. 269-70). The Claimant initially alleged a disability onset date of January 1, 2009 (R. 269), which he later amended to December 1, 2010 (R. 300). The application was denied on initial review and on reconsideration. The matter then proceeded before Administrative Law Judge Douglas A. Walker, who entered a decision denying the Claimant's application. (R. 127-

38).

The Claimant requested review of Judge Walker's decision, which the Appeals Council granted. (R. 144-46). The Appeals Council entered an order vacating Judge Walker's decision and remanded the case for further proceedings. (*Id*.). In doing so, the Appeals Council instructed Judge Walker to, among other things, "[c]onsider the Veterans Affairs . . . disability compensation opinion in accordance with SSR 06-03p." (R. 145).

On remand, Judge Walker again entered a decision denying the Claimant's application. (R. 20-34). The Claimant requested review of that decision, but the Appeals Council denied his request. (R. 1-3).

The Claimant appealed the matter to this Court (R. 960-61), raising the following assignments of error: 1) Judge Walker erred by failing to properly weigh the Veteran Affair's ("VA") 100% disability rating; 2) Judge Walker erred by giving the Claimant's Global Assessment of Functioning scores little weight; and, 3) Judge Walker erred by failing to properly weigh the mental health opinion evidence (R. 973). United States Magistrate Judge Douglas N. Frazier entered a decision finding, in relevant part, "that the [Administrative Law Judge] erred by failing to properly evaluate Plaintiff's VA disability rating." (R. 968-81).[1] Accordingly, Judger Frazier reversed and remanded the matter to the Commissioner, and directed "the [Administrative Law Judge] to consider and closely scrutinize the VA's disability determination, provide specific reasons for the weight he accords [the] VA's disability determination, and conduct further proceedings as necessary." (R. 975, 980). In accordance with Judge Frazier's order, the Appeals Council vacated Judge Walker's decision and remanded the matter to a different Administrative Law Judge – Judge

---

[1] Judge Frazier rejected the Claimant's second and third assignments of error. (R. 975-80).

Pamela Houston – for further proceedings consistent with Judge Frazier's order. (R. 987-88).

On remand, Judge Houston (hereinafter, the "ALJ") held a hearing, at which the Claimant and his representative appeared. (R. 917-29). On August 21, 2019, the ALJ entered a decision denying the Claimant's application. (R. 894-908). The Claimant opted not to seek review from the Appeals Council. (Doc. 25 at 2). Instead, the Claimant waited until the ALJ's decision became final (sixty-one (61) days after it was entered) and filed this appeal. (Docs. 1; 25 at 2); *see* 20 C.F.R. § 404.984(a).

## II.     The ALJ's Decision

The ALJ performed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a)(4) in reaching her decision.[2] First, the ALJ found the Claimant met the insured status requirements of the Social Security Act through September 30, 2014, and that he did not engage in substantial gainful activity since the alleged onset date. (R. 897). These findings are significant because a claimant seeking DIB is eligible for such benefits where he demonstrates disability on or before his date last insured. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Claimant was therefore required to demonstrate that he became disabled sometime between his alleged onset date and September 30, 2014. *Id*.

The ALJ found the Claimant suffered from the following severe impairments during the relevant period: paranoid schizophrenic-type disorder; and, alcohol dependence in remission. (R.

---

[2] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

897). In addition to these severe impairments, the ALJ also found the Claimant suffered from the following non-severe impairments: history of medication side effects; carpal tunnel syndrome of the right hand; and, status post open carpal tunnel release of right hand and elbow. (*Id.*) The ALJ found that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. (R. 897-900).

The ALJ next found that the Claimant had the residual functional capacity ("RFC") to perform medium work as defined by 20 C.F.R. § 404.1567(c)[3] through September 30, 2014, with the following additional limitations:

> [F]requent handling; avoid: climbing ladders, ropes, or scaffolds, work at heights, work with dangerous machinery and tools, constant temperatures over 90 [degrees Fahrenheit] and under 40 [degrees Fahrenheit], and constant vibration; work tasks should be 1-3 repetitive steps, learned in 30 days, with occasional interaction [with] coworkers and supervisors.

(R. 900). In light of this RFC, the ALJ determined that the Claimant was unable to perform his past relevant work, but he was able to perform other work in the national economy. (R. 906-07). Accordingly, the ALJ concluded that the Claimant was not disabled between his alleged onset date and his date last insured (September 30, 2014). (R. 908).

## III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a

---

[3] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   Analysis**

The Claimant raises the following assignments of error: 1) the ALJ failed to provide adequate reasons for not following the VA's disability determination; and 2) the ALJ erred by finding his carpal tunnel syndrome ("CTS") is not a severe impairment. (Doc. 25 at 24-28, 35-37). The Court will address each assignment of error in turn.

### A. The VA Disability Determination

The Claimant contends that the ALJ improperly assigned little weight to the VA's disability determination on the basis that disability determinations by other agencies are not binding on the Social Security Administration ("SSA"). (Doc. 25 at 25-26). Although the ALJ provided slightly more explanation for the weight assigned to the VA's disability determination, *i.e.*, citation to several treatment notes, the Claimant contends that such evidence, along with other evidence highlighted in his brief, actually supports the VA's disability determination. (*Id*. at 26-28). The Claimant therefore argues that the ALJ's decision to assign little weight to the VA's disability determination is both contrary to law and not supported by substantial evidence. (*Id*. at 26, 28).

In response, the Commissioner contends that the ALJ did not simply assign the VA's disability determination little weight because it was from another agency. (*Id*. at 28-29). Instead, the Commissioner contends that the ALJ also pointed to other evidence in the record, primarily treatment notes, which contained observations that the ALJ reasonably found to be inconsistent with the VA's disability determination. (*Id*. at 31-34). Accordingly, the Commissioner argues that the ALJ properly considered the VA's disability determination and that her decision to assign it little weight is supported by substantial evidence. (*Id*. at 35). The Court agrees.

The applicable Social Security regulation specifies that when the record before the ALJ includes a decision from another government agency finding that the claimant was disabled, the other agency's determination is not binding on the ALJ. 20 C.F.R. § 404.1504 (2016) ("[A] determination made by another agency that you are disabled . . . is not binding on us).[4] While such evidence is not binding, the ALJ was nevertheless required to "explain the consideration given to" the other agency's decision. Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006).[5]

In a recent decision, the Eleventh Circuit noted an apparent conflict in its precedent regarding the weight an ALJ must afford another agency's disability determination (in light of the regulations in place at the time of the ALJ's decision): at least one decision has concluded that it is simply a

---

[4] This regulation was amended effective March 27, 2017. The regulation now provides that the Commissioner, when considering disability claims filed on or after March 27, 2017, will no longer analyze another agency's disability decision in reaching her disability determination. 20 C.F.R. § 404.1504 (2017). The claim at issue was filed before March 27, 2017, therefore the former regulation and any interpretive, decisional authority apply to this case.

[5] An SSR is an "agency ruling[ ] published under the authority of the Commissioner of Social Security" and is "binding on all components of the Administration." *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990) (internal quotation marks omitted). Although the Court is not bound by SSRs, they are afforded deference. *See Fair v. Shalala*, 37 F.3d 1466, 1469 (11th Cir. 1994).

factor to be considered, while other decisions have concluded that such evidence should be entitled to great weight. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1325 (11th Cir. 2020).[6] To resolve this tension, the Eleventh Circuit set forth the following analysis:

> First, the court must ask whether the ALJ's decision shows that she considered the other agency's decision. If the ALJ's decision does not discuss the other agency's decision, the case must be remanded to the Commissioner for consideration of the other agency's decision. But if the ALJ discussed the other agency's decision, the court moves on to the second step of the analysis: whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision. If there is substantial evidence in the record, then the ALJ's decision should be affirmed.

*Id.* at 1330. Bearing this analysis in mind, the Court turns to the VA's disability determination and the ALJ's consideration thereof.

The VA issued the relevant disability determination on March 29, 2012. (R. 363-64). In it, the VA found the Claimant's schizophrenia to be 100% disabling based on "[t]otal occupational and social impairment," "[p]ersistent delusions," "[p]ersistent hallucinations," "[d]ifficulty in adapting to stressful circumstances," "[i]mpaired impulse control," "[i]nability to establish and maintain effective relationships," "[n]eglect of personal appearance and hygiene," "[t]he examiner's assessment of [the Claimant's] current mental functioning, which is partially reflected in [his] Global Assessment of Function score [of 45, which indicates serious symptoms,]" "[c]hronic sleep impairment," and "[s]uspiciousness." (*Id.*).

---

[6] After the parties filed their joint memorandum, the Commissioner filed a notice of supplemental authority informing the Court about *Noble* and providing two pages of analysis about the decision and how it should apply to this case. (Doc. 26). The Claimant subsequently filed an unauthorized response acknowledging the applicability of the *Noble* decision and arguing that it does not undermine his first assignment of error. (Doc. 27). As *Noble* is binding precedent, the Court will apply it to this case, however, the parties' additional argument contained in both the notice and response go beyond what is appropriate and authorized with respect to a notice of supplemental authority and will not be given any further consideration.

> The ALJ considered the VA's disability determination, explaining:
>
> Here, the VA "assigned an 100 percent evaluation" for claimant's schizophrenia (Exhibit 10E/1), thereby awarding claimant VA compensation. This determination has no bearing on whether claimant is able to work under the SSA rules. Little weight is given to the VA determinations as: it is conclusory in nature, it offers absolutely no functional assessment or analysis of claimant's overall ability to work; and, it is drastically inconsistent with the progress notes provided by the VA's doctors during the relevant period and beyond. Exams of September 23, and August 31, 2013, January 10, and October 28, 2014, March 9 and June 12, 2015, December 7, 2018, and February 8, 2019 show normal memory, normal, linear, and goal oriented thought processes, fair to good judgment and insight, normal attention and concentration, and full orientation in all spheres. (Exhibits 4F/5, 7F/24, 13F/5, 34, 42, 196, 298, 330, 364)
>
> The difference in the VA's statutory standards as opposed to those of SSA make it impossible to closely scrutinize or translate them to SSA's standards. VA's rules require a determination based on evidence, medical records, and compensation and pension (C & P) medical exam reports. The VA rates disability from 0-100% in 10% increments. A Combined Rating Table is used when a veteran has multiple disabilities to calculate a disability rating. Disability ratings are not additive – meaning a disability is rated 60% and another is 20%, the combined rating isn't 80%. Regardless, these percentages mean little to SSA determinations. Their system is so disparate from the SSA disability adjudication system, that the undersigned gives little weight to the VA disability rating. The VA awards disability benefits in an amount comparable to the veteran's disability rating, however it arrived there; there is no functional explanation for an ability to do work. Evidence of record was reviewed in depth. Under SSA Regulations, claimant is capable of at least some work-related activities.

(R. 906). Since the ALJ considered and assigned the VA's disability determination little weight, the Court must determine whether substantial evidence in the record supports the ALJ's decision to depart from the VA's decision. *Noble*, 963 F.3d at 1330.

As an initial matter, the ALJ did not, as the Claimant suggests, assign the VA's disability determination little weight primarily because the system it uses to make such a determination is different from the system applied by the SSA. (*See* R. 906). That was only one of the reasons provided. (*Id*.). And aside from the fact that the ALJ spent more time discussing the differences between VA and SSA disability evaluations, nothing in her decision suggests that reason was given

more weight than the other reasons. Thus, the Court rejects the Claimant's first argument with respect to the weight assigned to the VA disability determination.

The Claimant's final argument on this issue is a challenge to the ALJ's finding that the VA's disability determination was inconsistent with treatment records from and beyond the relevant period. (Doc. 25 at 26). The ALJ points to a number of treatment notes from the relevant period and beyond noting that they "show normal memory, normal, linear, and goal oriented thought processes, fair to good judgment and insight, normal attention and concentration, and full orientation in all spheres." (R. 906 (citing R. 579-80, 610-11, 1135, 1325-26, 1348, 1428, 1460, 1494)); *see Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006) (stating "[e]vidence from outside the insured period can be used in helping to elucidate a medical condition during the time for which benefits might be rewarded") (internal quotations and citation omitted). This evidence, particularly the treatment notes from the relevant period and shortly thereafter, can reasonably be viewed as inconsistent with some of the evidence the VA points to in support of its disability determination, such as impaired impulse control, neglect of personal appearance and hygiene, and the Claimant's GAF score. The same is true with respect to the finding of persistent delusions and hallucinations since those issues were observed less as time progressed during and shortly after the relevant period (*See* R. 1325-26, 1348, 1428, 1460, 1494). The Court therefore finds that the ALJ identified substantial evidence in support of her decision to depart from the VA's disability determination and, as a result, that aspect of her decision is due to be affirmed. *Noble*, 963 F.3d at 1330.[7]

---

[7] The Claimant did not challenge the ALJ's third reason for rejecting the VA's disability determination – that it is conclusory because it lacked a functional assessment or analysis of the Claimant's overall ability to work. (*See* Doc. 25 at 24-28). The claimant has therefore waived any argument regarding that reason. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Moreover, as discussed above, the ALJ gave at least one other reason for the weight she assigned to the VA's disability determination that is supported by substantial evidence and that is enough to affirm. *Noble*, 963 F.3d at 1330; *see generally D'Andrea v. Comm'r of Soc.*

The Claimant argues that the treatment notes the ALJ relies on (and others she did not cite) do not undermine the VA's disability determination because many of those records note that the Claimant was experiencing visual and auditory hallucinations and paranoid delusions. (Doc. 25 at 26-28 (citing R. 557, 610-11, 627, 638, 695, 749-50, 755-56, 1188, 1191, 1199-1200, 1231-32, 1235, 1326, 1347-48, 1524-25)). While such evidence may preponderate against the ALJ's decision, the Court must nevertheless affirm the decision because, as discussed above, it is supported by substantial evidence. *Bloodsworth*, 703 F.2d at 1239 ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence"). For these reasons, the Court rejects the Claimant's first assignment of error.

### B. Step Two

The Claimant next argues that the ALJ violated the law-of-the-case doctrine by ignoring Judge Walker's prior determination that his CTS was a severe impairment and finding that the impairment was non-severe. (Doc. 25 at 35-37).

The Commissioner argues that the ALJ did not violate the doctrine because Judge Walker's previous step-two determination was neither raised by the Claimant nor addressed by the Court during the prior appeal and, therefore, the earlier step-two finding did not become the law of the case. (*Id*. at 37-38). The Commissioner also argues that since the prior decision was vacated by the Appeals Council it became null and void, therefore the ALJ was not bound by the findings of her predecessor. (*Id*. at 38-39). And finally, the Commissioner argues that even if the ALJ erred by finding the Claimant's CTS to be non-severe, the error is, at most, harmless because the ALJ

---

*Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (rejecting the claimant's argument "that the ALJ erred in failing to accord appropriate weight to the opinion of her treating physician . . . because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.").

expressly accounted for the Claimant's CTS in the RFC determination. (*Id*. at 39 at n.28). The Court agrees with the Commissioner.

"The law of the case doctrine is the rule under which the trial court and appellate courts are bound by any findings of fact or conclusions of law made by the appellate courts in a prior appeal of the case at issue." *Robinson v. Parrish*, 720 F.2d 1548, 1550-51 (11th Cir. 1983) (internal quotations omitted); *see Maxwell v. Comm'r of Soc. Sec.*, 778 F. App'x 800, 802-03 (11th Cir. 2019) (assuming arguendo that the law-of-the-case doctrine applies in Social Security appeals and finding that ALJ did violate the doctrine).[8] The law of the case doctrine, however, "cannot apply when the issue in question was outside the scope of the prior appeal." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1332 (11th Cir. 2005).

The Claimant raised three issues during the prior appeal: 1) Judge Walker erred by failing to properly weigh the VA's 100% disability rating; 2) Judge Walker erred by giving Claimant's GAF scores little weight; and, 3) Judge Walker erred by failing to properly weigh the mental health opinion evidence. (R. 973). None of these issues, however, related to the prior step-two determination. Moreover, the Court neither expressly nor implicitly considered whether the prior step-two determination was legally correct or supported by substantial evidence. (R. 968-81). Instead, the Court reversed and remanded the case based solely on Judge Walker's consideration of the VA's disability determination. (*Id*.). Accordingly, the prior step-two determination was outside the scope of that appeal and, therefore, the ALJ's finding that the Claimant's CTS was a severe impairment did not become the law-of-the-case.

---

[8] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Relatedly, once the prior decision was vacated by the Appeals Council (R. 987-88) it became null and void. *Zuniga c. Comm'r of Soc. Sec.*, 772 F. App'x 870, 871 (11th Cir. 2019) ("That is, a vacated opinion has 'no legal effect whatever. [It is] void.'") (citiation omitted). As a result, the ALJ was not bound by the findings of her predecessor, and therefore properly reassessed the severity of the Claimant's impairments.

Finally, even if the ALJ erred by not finding the Claimant's CTS to be severe, the error would be harmless. At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. § 404.1520(c). "This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (citations omitted). Therefore, the finding of a single severe impairment satisfies step two. *See id*. The failure to find additional severe impairments is harmless error if the ALJ considers all the claimant's impairments – severe and non-severe – in combination throughout the rest of the sequential evaluation process. *See, e.g.*, *Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 914-915 (11th Cir. 2014); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951-52 (11th Cir. 2014).

Here, the ALJ found the Claimant suffered from at least one severe impairment, thus satisfying step two. (R. 897). While the ALJ did not expressly address the Claimant's CTS at steps three and four (*see* R. 897-906), her step-two discussion shows that she accounted for that impairment in her RFC determination by including manipulative limitations. (R. 897 ("However, the undersigned notes that [the Claimant's history of medication side effects, carpal tunnel syndrome

of the right hand, and status post open carpal tunnel release of right hand and elbow] have been considered, and the reduced range of medium work, as described below, which include manipulative and environmental limitations, would accommodate any symptoms associated with those conditions."). Accordingly, the ALJ considered the Claimant's CTS and any related limitations throughout the sequential evaluation process. *See Tuggerson-Brown*, 572 F. App'x at 952. Any error at step two is harmless.

## V.     Conclusion

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **AFFIRMED**.
2. The Clerk is **DIRECTED** to enter judgment in favor of the Commissioner and against the Claimant, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 29, 2021.

*(signature)*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Pamela Houston
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801